United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER CHUNN III,

    Petitioner,

  v.

FIRST APPELLATE DISTRICT COURT,

    Respondent.

No. C 14-5102 MEJ (PR)

**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

    Petitioner, proceeding pro se, has filed a habeas corpus petition challenging his state court convictions for lewd acts and unlawful sexual intercourse with a minor. According to the petition, petitioner pleaded nolo contendere to these felony offenses in the Alameda County Superior Court in 2003. He states that he was sentenced to three years and eight months in state prison. Petitioner filed the instant petition in 2014 and argues that "[t]his case is not moot" because he continues to be required to register as a sex offender under California Penal Code § 290. Docket #1 at 3. He alleges that he is in custody serving the term but does not state the nature of that custody. Docket #6 at 3.

    Petitioner does not appear to satisfy the requirement that he be "in custody" on the conviction he is attempting to challenge. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. Id. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition may therefore be properly denied. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). [M]erely being subject to a sex offender registry requirement does not satisfy the 'in custody' requirement." Zichko v. Idaho, 247 F.3d 1015,

1020 (9th Cir. 2001). See also Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California law which requires convicted sex offenders to annually register with state authorities does not constitute severe, immediate restraint on physical liberty sufficient to constitute custody).

In sum, the petition suggests that petitioner does not meet the custody requirement on the conviction he challenges. Although he was an inmate at the Solano County Jail at the time he filed the instant action, he also stated that the sentence of three years and eight months was imposed back in 2003; thus it should have been completed long before the filing of this action.[1] Petitioner does not state the reason for his recent incarceration at the Solano County Jail. If, at the time he filed the instant petition, he was incarcerated for failing to comply with the sex offender registration statute, he will be deemed "in custody" for purposes of challenging the 2003 sex offense conviction in Alameda County because this earlier conviction was "'a necessary predicate'" to the failure-to-register charge. Zichko, 247 F.3d at 1019-20 (citation omitted). Petitioner is also advised that a petitioner who is on parole for the challenged conviction at the time of filing is considered to be in custody, see Jones v. Cunningham, 371 U.S. 236, 241-43 (1963) and Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation for the challenged conviction, see Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005).

Accordingly, petitioner is hereby ordered to show cause on or before **March 31, 2015** why his petition should not be dismissed for lack of jurisdiction. Petitioner may label his response as "response to order to show cause." The response should explain how he met the custody requirement at the time he filed the instant action. **If petitioner fails to respond to this order to show cause, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

---

[1] Petitioner is no longer at the Solano County Jail. He filed notices of change of address on January 26, 2015 and February 2, 2015, and his current return address does not appear to be a prison or jail address. His recent release does not affect the custody analysis discussed herein. If a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody does not deprive the court of its jurisdiction. See Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005).

2

1       The application to proceed in forma pauperis is GRANTED. The Clerk shall
2 terminate Docket #2.

3       Finally, pursuant to petitioner's request (docket #19), the Clerk shall send petitioner a
4 copy of the docket in this action, a photocopy request form, and a copy of his petition (docket
5 #6).

6       IT IS SO ORDERED.

7 DATED: February 26, 2015

                                    Maria-Elena James
                                    United States Magistrate Judge

**United States District Court**
For the Northern District of California