UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CHUNN III,<br><br>  Petitioner,<br><br>  v.<br><br>CALIFORNIA ATTORNEY GENERAL,<br><br>  Respondent. | No. C 14-5102 MEJ (PR)<br><br>**ORDER TO SHOW CAUSE**;<br>**DENYING MOTION FOR**<br>**DISCOVERY**<br><br>Docket No. 23 |

## INTRODUCTION

Petitioner filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction from Alameda County Superior Court. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition provides the following information: On or about February 28, 2003, petitioner pled no contest to charges of lewd acts and unlawful sexual intercourse with a minor. He was sentenced to three years and eight months in state prison. Petitioner did not appeal, but unsuccessfully challenged his conviction in the state courts by filing several petitions for a writ of habeas corpus. The Supreme Court of California denied his final state petition in 2014. Petitioner then filed this action, seeking a writ of habeas corpus. The instant action was filed on November 19, 2014.

In light of the statement in the petition that petitioner had received a sentence of three years and eight months back in 2003, it appeared that he did not meet the requirement that he be in custody on the decision challenged in his 2014 federal habeas petition. On February 26, 2015, the Court ordered him to show cause why his federal petition should not be

1  dismissed for lack of custody. Petitioner has responded that he remains on parole for the
2  challenged conviction. He therefore appears to satisfy the requirement that he be in custody
3  on the decision challenged. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990). The
4  February 26, 2015 order to show cause is discharged.

## DISCUSSION

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Petitioner's Claims

Petitioner claims that his plea of no contest was not knowing and voluntary because: (1) the trial judge pressured him to accept a plea agreement, and (2) the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963) by failing to disclose exculpatory evidence.

Typically, a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same). However, a challenge to the voluntary and intelligent character of the plea remains open. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267. Further, the Ninth Circuit has held that "a defendant challenging the voluntariness of a guilty plea may assert a Brady claim." Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995). "This exception to the general bar on constitutional claims is sensible, because a defendant's decision whether or not to plead guilty is often heavily influenced by his appraisal of the prosecution's case." Id. (internal quotation marks and

citation omitted).

Accordingly, liberally construed, petitioner's claims are cognizable for federal habeas review. The Court orders respondent to show cause why the petition should not be granted as to the above issues.

**C.     Motion for Discovery**

Petitioner had filed a motion requesting discovery of his parole file. Dkt. No. 23. It appears that petitioner seeks the file as evidence that he satisfies the "in custody" requirement. The Court does not require such evidence at this time. Accordingly, the motion for discovery is DENIED without prejudice. Petitioner may renew the motion, if necessary, in the event that respondent challenges his representations to the Court that he remains on parole for the 2003 conviction challenged herein.

**CONCLUSION**

1.     Petitioner's motion for discovery is DENIED without prejudice.

2.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 6), as well as a magistrate judge jurisdiction consent form upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

3.     Respondent shall file with the Court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, respondent shall also return the magistrate judge jurisdiction consent form. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty days** of the date the answer is filed.

4.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the Court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

    5.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    6.    Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

This order terminates Docket No. 23.

IT IS SO ORDERED.

DATED: April 15, 2015

Maria-Elena James
United States Magistrate Judge