IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CHUNN, III,, | No. C 14-5102 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| FIRST APPELLATE DISTRICT COURT; KAMALA HARRIS, STATE ATTORNEY GENERAL, | (Dkt. 30) |
| Respondents. | |

## INTRODUCTION

This is a habeas case brought pro se by an inmate in Solano County Jail under 28 U.S.C. 2254. He challenges his conviction and sentence in Alameda County Superior Court in 2003. Respondent has filed a motion to dismiss the petition on the grounds that petitioner is not in custody on the conviction he challenges. Petitioner filed an opposition (dkt. 32), and respondent filed a reply brief. The motion is granted and the case is dismissed.

## STATEMENT

In 2003, petitioner pled guilty in Alameda County Superior Court to lewd and lascivious acts upon a child. The trial court sentenced him to a term of three years in state prison. In November 2005, he was released on parole. He completed parole on November 19, 2009. In the meantime, in 2006, he was convicted in Solano County of felony battery on a peace officer. In 2007, that conviction was dismissed after being reduced to a misdemeanor. In 2010, he was convicted in Solano County of second-degree burglary and sentenced to a term of sixteen months in state prison. On two occasions, he was released on parole but returned to prison after violating parole. In 2011, while he was at San Quentin State Prison, he committed battery on a correctional officer. He was convicted for that offense in Marin County of battery and, in

1  March 2013, sentenced to a term of three years. It appears that when he filed the instant
2  petition, in November 2014, that three-year sentence had not expired.

## ANALYSIS

Respondent argues that the instant petition must be dismissed because at the time petitioner filed the petition, he was not in custody on the state court judgment he challenges. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Ibid*. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). Petitioner challenges his 2003 conviction from Alameda County. He is no longer serving his three-year sentence, and he completed his parole term in November 2009, many years before he filed the instant petition. Thus, it does not appear that he was in custody on the conviction he challenges at the time he filed the instant petition.

In March 2015, petitioner indicated that he was on parole (dkt. 24). A petitioner released from custody but on parole for the judgment he challenges satisfies the custody requirement for federal habeas jurisdiction. *See Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). It is difficult to reconcile petitioner's statement that he is on parole with petitioner's present address at the county jail, which would appear to indicate that he is in custody. In any event, however, he concedes in his opposition that his parole term on the 2003 judgment (the judgment he challenges here) expired in 2009 (Opp. 1). If he is on parole, that would be a parole term one of his later convictions, i.e. the 2010 burglary conviction or the 2013 battery conviction, neither of which are challenged here. As petitioner's parole term for the 2003 judgment he challenges in the instant petition has expired, any parole status he had when he filed the instant petition does not federal habeas custody requirement.

Petitioner asserts that despite the expiration of his sentence and parole term on the 2003 conviction, he is in custody for purposes of federal habeas jurisdiction because he must register

as a sex offender, is subject to housing restrictions, is monitored by G.P.S., and may not possess sexually explicit materials. An absence of custody at the time of filing, however, cannot be cured by even the most grievous collateral consequences stemming from the conviction under attack since the court is without subject matter jurisdiction. *Resendiz v. Kovensky*, 416 F.3d 952, 958-59 (9th Cir. 2005). The obligation to register as a sex-offender does not satisfy the custody requirement for federal habeas jurisdiction. *See Henry v. Jungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999). Petitioner is no longer subject to housing restrictions based on the 2003 sex offense because such restrictions only apply to parolees. *See People v. Mosley*, 60 Cal. 4th 1044, 1049 (2015). G.P.S. monitoring and restrictions on sexually explicit materials are collateral consequences that do not establish custody for federal habeas purposes. There is, furthermore, no authority (and petitioner cites none) that he is subject to restrictions on sexually explicit materials. The consequences petitioner cites either do not apply to him or do not amount to custody on his 2003 conviction.

There is no subject matter jurisdiction in federal court over the instant petition. This ruling does not preclude petitioner from filing a federal habeas petition challenging a different state court conviction and sentence.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (dkt. 30) is **GRANTED** and the petition is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 14, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3